UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

DR. ABBEY A. AKINWUMI,

                Defendant.

_____/

Case No 22-mc-50234
Crim. No. 13-cr-20392

Nancy G. Edmunds
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO DENY ABBEY AKINWUMI'S "MOTION FOR RELEASE OF ASSETS SEIZED FROM NORTH AMERICAN TITLE INSURANCE" (ECF No. 5)

Although this miscellaneous action is captioned as if brought by the United States of America against Abbey Akinwumi ("Akinwumi"), in reality, Akinwumi commenced the action on February 23, 2022, by filing a "Motion to Reinstate DEA Certificate and Registration Taken from Defendant [Akinwumi] by Forced Voluntary Withdrawal" (ECF No. 1), which motion has since been denied. (ECF No. 18).

Presently before the Court is another of Akinwumi's filings entitled "Motion for the Release of Assets Seized from North American Title Insurance – An Innocent Company." (ECF No. 5). In short, Akinwumi, who was a licensed medical doctor, was charged with drug and health care fraud crimes in an underlying criminal case in this Court, Case No. 13-20392 ("Criminal Case"). He eventually entered into a plea agreement, in which he agreed to the forfeiture of his interest in several bank accounts and to the ordering of restitution by the Court. After the Court entered a judgment of guilt and sentenced

1

Akinwumi, the United States seized funds held in the forfeited bank accounts and certain funds that were recovered for application against the restitution imposed at Akinwumi's criminal sentencing.

Akinwumi has now filed a motion for the return of seized property, claiming that certain of his funds were improperly seized, and requesting that the Court "enter an order requiring the government to release Subject Seized Assets," especially those "seized from innocent individuals."  (ECF No. 5, PageID.70-71).[1]  The United States filed a response, arguing that Akinwumi's motion should be denied because it properly seized funds that were judicially forfeited in a criminal case against him and/or subject to the restitution order.  (ECF No. 27).

Having reviewed the parties' briefs and other filings, the Court finds that a hearing will not aid it in resolving Akinwumi's motion, which, for the reasons discussed below, should be denied.

**<u>Background</u>**

### *Criminal Charges*

Akinwumi was a licensed physician who owned and operated a medical clinic located in Detroit, Michigan.  On May 23, 2013, a grand jury in the Eastern District of Michigan returned a 30-count Indictment against Akinwumi, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in

---

[1] The motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (ECF No. 6).  However, because Akinwumi seeks injunctive relief, the Court proceeds by way of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(A).

violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count I), Unlawful Distribution of Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) (Counts 2 through 14), and Health Care Fraud, in violation of 18 U.S.C. § 1347 (Counts 15 through 30). (Criminal Case, ECF No. 3). In short, the indictment alleged that Akinwumi filled prescriptions for controlled substances "not for the legitimate treatment of patients, but rather to obtain controlled substances that could be sold at substantial profit on the illegal street market." (*Id.*). Millions of dollars' worth of illicit prescriptions were written, and Akinwumi billed Medicare more than $6 million related thereto. (*Id.*). He also allegedly billed Medicare more than $6.9 million for medically unnecessary "patient services." (*Id.*). The indictment also provided notice of the United States' intent to forfeit "any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations," and/or "any property used or intended to be used, in any manner or part, to commit or facilitate the commission of such violations." (*Id.*, PageID.9-10).

On July 26, 2013, the United States filed a Forfeiture Bill of Particulars, which clarified the forfeiture allegations in the indictment and provided notice of its intent to seek forfeiture of several bank accounts, including but not limited to:

- $24,300.44 seized from PNC Bank – Account 425209-3547 in the name of Detroit Medical Clinic;

- $578,932.44 seized from PNC Bank - Account 4252093555 in the name of Detroit Medical Clinic;

- $17,043.99 seized from PNC Bank - Account 14375900045646 in the name of Abiola Akinwumi (Akinwumi's wife);

- $26,298.07 seized from PNC Bank - Account 4252496856 in the name of Akin Group LLC;

- $26,424.54 Seized from PNC Bank - Account 4254208352 in the name of Abbey Akinwumi; and

- $53,606.32 seized from PNC Bank - Account 14375800045421 in the name of Abbey Akinwumi.

(Criminal Case, ECF No. 18, PageID.71).[2]

### *Guilty Plea, Sentence, and Forfeiture/Restitution*

On November 5, 2015, Akinwumi, represented by counsel, entered into a written Rule 11 Plea Agreement, agreeing to plead guilty to Counts 1 and 15 of the indictment, with the other Counts being dismissed.  (Criminal Case, ECF No. 50).  As part of the plea agreement, Akinwunmi agreed to the forfeiture of his interest in the Forfeited Property, that the Court would order restitution to every identifiable victim of his offense, that the full amount of restitution in this case would be determined by the Court, and that he waived his right to appeal his sentence as long as the sentence imposed did not exceed the maximum allowed under the plea agreement.  (*Id.*).

Akinwumi also signed a stipulated preliminary order of forfeiture agreeing to the forfeiture of his interest in the Forfeited Property, which the Court entered on November 5, 2015.  (Criminal Case, ECF No. 51).  In accordance with 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6)(C), the United States subsequently posted notice of the forfeiture on an official government internet site at www.forfeiture.gov, for at least 30 consecutive days, beginning on November 10, 2015 and ending on December 9, 2015.  (ECF No. 67).

---

[2] The Court will refer to the funds in these bank accounts as the "Forfeited Property."

4

On February 29, 2016, the Honorable Nancy G. Edmunds sentenced Akinwumi to a term of 84 months' imprisonment, and as part of his sentence, ordered Akinwumi to pay a total restitution amount of $3,635,648.22.  (Criminal Case, ECF No. 63, PageID.536).[3] Akinwumi did not appeal his sentence or the forfeiture order.

On April 1, 2016, the United States filed a certificate of service with the Court, representing that "Notice of Preliminary Order of Forfeiture" and a "Stipulated Preliminary Order of Forfeiture" were sent via regular and certified mail to the following addresses: Akin Group LLC, Abiola Akinwumi-Resident Agent, 4059 W. Davison, Detroit MI 48238; and Abiola Akinwumi, 4059 W. Davison, Detroit MI 48238.  (ECF No. 65).

On April 15, 2016, the United States recorded its Notice of Lien of one of Akinwumi's properties located at 3336 Woodhill Circle, Superior Township, MI 48198 (the "Woodhill Circle Property"), with the Washtenaw County Register of Deeds to secure payment of Akinwumi's restitution pursuant to 18 U.S.C. § 3613(c), (f).  (ECF No. 27-3, PageID.203).

On June 2, 2016, the United States filed another certificate of service with the Court, representing that "Notice of Preliminary Order of Forfeiture" and a "Stipulated Preliminary Order of Forfeiture" were sent via regular and certified mail to the following addresses: Akin Group LLC, Abiola Akinwumi-Resident Agent, 3336 Woodhill Cir., Ypsilanti, MI 48198; and Abiola Akinwumi, 3336 Woodhill Cir., Ypsilanti, MI 48198.  (ECF No. 66).

---

[3] In its response, the United States represents that, as of July 17, 2023, Akinwumi owed an outstanding balance of $2,677,169.23 in restitution.

On September 26, 2016, in spite of the recorded lien attached to Akinwumi's interest in the Woodhill Circle Property, Akinwumi and his wife, Abiola Akinwumi, conveyed this property to Chunbo Hu and Ye Ma.  (ECF No. 27-4, PageID.204) (listing "Seller" as "Abbey Akinwumi").  The Warranty Deed for the conveyance was recorded on October 7, 2016 (*Id.*, PageID.206), and upon closing, Akinwumi received $335,840.94 in net proceeds from the sale.  (*Id.* PageID.204-05) (listing "Payee" as "Abbey Akinwumi" in the amount of "$335,840.84").  The real property remained subject to the lien in favor of the United States.

When the United States later learned of the Woodhill Circle Property sale, it determined that the sale had been improperly closed over its secured interest, and it engaged in negotiations with the title companies involved in the transaction, Reputation First Michigan Title Agency LLC and North American Title Insurance Company.  (ECF No. 27, PageID.192).  As a result, the United States ultimately received a total of $210,000 from the title companies, which represented Akinwumi's equity interest in the Woodhill Circle Property that was secured by the Notice of Lien previously filed by the United States. The United States received a payment of $15,000 from North American Title Insurance Company and a payment of $195,000 from Reputation First Michigan Title Agency LLC, which amounts were then credited against the restitution Akinwumi was ordered to pay as a part of his sentence.  (ECF No. 27-2, PageID.201).

### *Akinwumi's Motion for Return of Seized Property*

On August 8, 2022, Akinwumi filed the instant Motion for Return of Seized Property, in which he asks the Court to "enter an order requiring the government to release

Subject Seized Assets . . ." (ECF No. 5, PageID.71). In short, Akinwumi argues that his personal property, the property of his wife Abiola Akinwumi, and "especially asset of North American Title Insurance" should be returned, as some of those assets "were acquired by [him] prior to allegation of criminal wrong doing," and he will be "homeless and in the streets if this honorable Court fails to rectify this unjust act." (*Id.*, PageID.69).

In its response, the United States argues that Akinwumi is barred from challenging the forfeiture of the Forfeited Property because he did not directly appeal his sentence, and that the United States lawfully enforced the criminal judgment for restitution imposed on Akinwumi when it recovered funds from his sale of the Woodhill Circle Property.

For the reasons discussed below, the Court agrees that Akinwumi's Motion for Return of Seized Property should be denied.

## <u>Discussion</u>

### *Forfeited Property*

Akinwumi's assertion that the United States should be ordered to return the funds forfeited in the bank accounts in the Forfeited Property lacks merits. As the Sixth Circuit has noted, "the actual effect of a preliminary forfeiture order is clearly that of a final order as to the defendant. A preliminary forfeiture order terminates all issues presented by the defendant and leaves nothing to be done except to enforce by execution what has been determined." *United States v. Christunas*, 126 F.3d 765, 768 (6th Cir. 1997). Here, when Akinwumi was sentenced, the preliminary forfeiture order became a final and appealable judgment. *See United States v. Herring*, No. 14-08-GFVT, 2016 WL 8252931, at *2 (E.D. Ky. July 25, 2016) (citing *Christunas*, 126 F.3d at 768); *United States v. Nguyen*, No. 3:14-

7

CR-00065-GNS-1, 2017 WL 4478012 (W.D. Ky. Oct. 6, 2017). Accordingly, "a criminal forfeiture must be challenged on direct appeal from the judgment of conviction...." *Watson v. United States*, Nos. 3:01-CR-55, 3:08-CR-522, 3:01-CR-71, 3:08-CV-523, 2011 WL 4708804, at *6 (E.D. Tenn. Oct. 4, 2011) (citing *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007)). Because Akinwumi "did not take a direct appeal of his conviction (which he waived the right to do as part of his plea agreement), he is precluded from challenging the criminal forfeiture of the property identified in the forfeiture order," *i.e.*, the Forfeited Property. *United States v. Nguyen*, No. 3:14-CR-00065-GNS-1, 2017 WL 4478012, at *3 (W.D. Ky. Oct. 6, 2017); *see also Young*, 489 F.3d at 315 (rejecting a defendant's reliance on Fed. R. Crim. P. 41 to challenge a criminal forfeiture order); *Winkelman v. United States*, 494 F. App'x 217, 220 n.4 (3d Cir. 2012) ("[N]either a Rule 41(g) motion nor a civil action under 18 U.S.C. § 983(e) is a proper vehicle for collaterally challenging a criminal judgment of forfeiture." (citations omitted)). Thus, to extent that Akinwumi seeks to challenge the criminal forfeiture order, the motion should be denied.[4]

### *Woodhill Circle Property*

Akinwumi next asserts that his wife, Abiola, innocently "sold the real property at 3336 Woodhill Circle as the Government directed and at a gargantuan loss," and that "there were no issues or lien on public records, which was understandable, because the consensus and the consentaneous agreement was to sell the real property to pay the bills." (ECF No.

---

[4] To the extent Akinwumi attempts to raise a claim on behalf on his wife, Abiola Akinwumi, he lacks standing to do so. *See Howes v. Bragg*, No. 1:23-CV-00023, 2023 WL 3204014, at *2 (M.D. Tenn. May 2, 2023) ("While Plaintiff . . . may raise claims on his own behalf, he cannot bring claims in federal court on behalf of others.").

5, PageID.48).  However, Akinwumi claims that, one year later, the United States made the title companies, who were also innocent, pay back $210,000 from the sale of the Woodhill Circle Property.  (*Id.*, PageID.48).  He asserts that the North American Title Insurance Company then sued him in Washtenaw County District Court, and that the Washtenaw County Court ruled in favor of the title company and ordered that Akinwumi pay $210,000 to the title company.  (*Id.*, PageID.48-49).  He asserts that the United States' actions "violated the Fourth Amendment and Rule 41 of the Federal Rules of Criminal Procedure," and therefore it should be required to return the "seized assets from North American Title Insurance Company" from the sale of the Woodhill Circle Property. (ECF No. 5, PageID.45, 51).

As an initial matter, Akinwumi's motion incorrectly asserts that the United States unlawfully "forfeited" and "seized" funds from his sale of the Woodhill Circle Property. The United States' recovery of those proceeds was neither a "forfeiture" nor a "seizure," but rather the result of the United States collecting on the criminal judgment for *restitution* that was imposed on Akinwumi in the Criminal Case by enforcing a previously-recorded lien on the Woodhill Circle Property.  Akinwumi's argument also fails because the United States did not receive the proceeds from Akinwumi, but rather from the two title companies that had been involved in the sale of the Woodhill Circle Property from Akinwumi to Hu and Ma.  Nor is there any basis to order a return of such funds under Fed. R. Crim. P. 41(g), which provides for the return of property only to a person aggrieved by "an unlawful search and seizure of property . . ."

The Court notes that the Mandatory Victim Restitution Act, ("MVRA"), 18 U.S.C. § 3663A, makes restitution mandatory for certain crimes including any offense committed by fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). The provisions under 18 U.S.C. § 3613 give the government the authority to enforce a criminal judgment which orders a fine and/or restitution. *Id*. The MVRA expressly states that criminal restitution orders may be enforced against "all property or rights to property." 18 U.S.C. § 3613(a). Pursuant to 18 U.S.C. § 3613(c), a fine or an order of restitution imposed pursuant to the provisions of subchapter C of chapter 227 is a lien in favor the United States upon all property belonging to the person fined or ordered to pay restitution. Upon filing of a notice of lien, "the lien shall be valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor[.]" 18 U.S.C. § 3613(d). "[A]ll provisions of this section are available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f). The "MVRA rests on the recognition that '[i]t is essential that the criminal justice system recognize the impact that crime has on the victim, and, to the extent possible, ensure that [the] offender be held accountable to repay these costs.' [] By its use of the 'all property or rights to property' language, ... Congress has made quite clear that the totality of defendants' assets will be subject to restitution orders." *United States v. Haq*, No. 17-20465-D4, 2024 WL 4231579, at *2 (E.D. Mich. Sept. 18, 2024) (quoting *United States v. Novak,* 476 F.3d 1041, 1043, 1046 (9th Cir. 2007) (en banc)).

Here, Akinwumi's contention that "there were no issues or lien on public records" is belied by the record evidence, which reflects that, pursuant to 18 U.S.C. § 3613(c), (f), the United States lawfully recorded its Notice of Lien for the Woodhill Circle Property

with the Washtenaw County Register of Deeds on April 15, 2016, *before* Akinwumi's sale of the Woodhill Circle Property more than five months later on September 26, 2016.  (ECF No. 27-3, PageID.20; ECF No. 27-4, PageID.204-06).   Akinwumi has presented no evidence that would call into question the Notice of Lien's authenticity.

It is axiomatic that the sale of the Woodhill Circle Property was subject to the United States' Notice of Lien, and the United States had a right to Akinwumi's equity (i.e., his net proceeds) from the sale, up to the amount of the lien.  Once Akinwumi sold the property without distributing any portion of that equity to the United States, the United States negotiated with North American Title Insurance Company and Reputation First Michigan Title Agency LLC to receive the equity interest in the Woodhill Circle Property that had previously been secured by its Notice of Lien on that property.  Upon receipt of payment from the title companies, the United States credited the payment against the restitution Akinwumi was ordered to pay as part of his sentence, and the United States represents that such funds were properly transferred to the victims in October-November of 2018.  (ECF No. 27-2, PageID.201; ECF No. 27, PageID.192).  That the title companies later sued Akinwumi in state court to recover the proceeds from the sale of the Woodhill Circle Property that were subject to the United States' lien is no basis for ordering the United States to return the funds it recovered from the proper enforcement of the criminal judgment for restitution.

Akinwumi's other arguments do not change the analysis.  First, Akinwumi's allegation that the United States' actions caused him financial difficulties fails because he provides only bare allegations with no factual support and because he has not shown that

the United States' actions were in any way improper.  Moreover, the United States enforced its lien and received payment from the title companies back in August 2018 (ECF No. 27-2, PageID.201), and Akinwumi did not file the instant motion until four years later.

Second, to the extent Akinwumi contends that the United States "recommended the sale of [the Woodhill Circle Property] to pay household bills" based on an exhibit he filed in ECF No. 29, such contention is unsupported by the record.  Specifically, Akinwumi's exhibit consists of two pages from the United States' past filings in the Criminal Case: the first is the front page of the United States' brief in support of its request for additional time to file a response to Akinwumi's motion for release of seized assets filed back in July 2013 (Criminal Case, ECF No. 17); and the second is a page from the United States' response to Akinwumi's motion for release of seized assets (which motion asserted that the United States' seizures rendered him indigent and unable to retain counsel of his choice).  A review of the United States' full response makes clear that the United States merely argued that Akinwumi failed to show he had no other assets available to retain counsel because he owned at least four real estate properties (including the Woodhill Circle Property) and three vehicles, and clearly did not "recommend" that Akinwumi sell this property to "pay household bills."  (ECF No. 19, PageID.80).

In sum, Akinwumi has failed to show any legitimate basis to order the return of $210,000 from the sale of the Woodhill Circle Property.

## Conclusion

For all the reasons stated above, **IT IS RECOMMENDED** that Akinwumi's motion **(ECF No. 5)** be **DENIED**.

Dated: November 4, 2024                         s/David R. Grand
Ann Arbor, Michigan                             DAVID R. GRAND
                                                United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2024.

<div style="margin-left: 50%;">

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

</div>